## WADSWORTH v. BLANK.

### Patent Appeal No. 3867.

Court of Customs and Patent Appeals.

Dec. 23, 1937.

Walter F. Murray, of Cincinnati, Ohio (Clarence A. Sackhoff, of Cincinnati, Ohio, of counsel), for appellant.

Allen & Allen, of Cincinnati, Ohio (Erastus S. Allen and Gibson Yungblut, both of Cincinnati, Ohio, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The party David T. Wadsworth has here appealed from the decision of the Board of Appeals of the United States Patent Office, which affirmed the decision of the Examiner of Interferences awarding priority of invention in the single count of the interference here involved to the party Joseph N. Blank, the appellee.

The invention relates to electrical wiring channels which are made in sections which are to be placed in communicating end to end relationship and which are so

constructed with apertures at the top and bottom as to enable wiring with cabinets, such as switch cabinets, which may be placed above or below the channels.

The count in issue follows: "3. In combination a series of closable U-shaped wiring channel elements having apertures and free and open end to end communication, apertured cabinets disposed above and below said elements and means including the cabinet and element structure for effecting removable and communicating connection through the apertures of the cabinets and elements."

In the proceeding before the Examiner of Interferences there were three additional counts involved, counts 1 and 2, which are drawn to cover only the electrical wiring channel, and count 4, for a combination not including some of the elements of the count at bar.

As to count 3, which is the one at bar, it was found by the Examiner of Interferences that Wadsworth had failed to establish conception or construction of the invention there defined prior to August 21, 1928, the filing date of his application involved in the interference, which was after the filing date of appellee, June 7, 1928. As to counts 1 and 2, he held that Wadsworth conceived and constructed the channel or base portion defined in said counts in the summer of 1926, which was prior to the earliest date claimed by appellee, and that, since the device was of such simple character, the construction of the same constituted a reduction to practice, held no actual tests to be necessary, and cited the case of Sachs v. Wadsworth, 48 F.2d 928, 18 C.C.P.A. (Patents) 1284. Since Blank conceded that the proofs submitted by Wadsworth established his claim to priority as to the invention defined in count 4, the Examiner of Interferences therefore awarded priority of invention as to counts 1, 2, and 4 to Wadsworth, and awarded priority of invention in count 3 to Blank.

The party Wadsworth appealed to the Board of Appeals, challenging the action of the Examiner of Interferences in awarding priority of invention in said count 3 to Blank. The party Blank did not appeal from the decision of the Examiner of Interferences awarding priority of invention in counts 1, 2, and 4 to Wadsworth. With reference to count 3, the board said:

"The party Wadsworth contends that by awarding this count to his opponent, he will be unable to use his channel structure as defined in Counts 1 and 2 in the manner in which it is obviously intended to be used. This count calls for mounting cabinets above and below the channel elements. *While it is very probable that the party Wadsworth intended that his channel elements be used in this manner should conditions require,* still it is clear that he has submitted no proofs that these devices were so arranged prior to the filing date of his application which was later than the filing date of the party Blank. In view of these circumstances, it is clear that priority of invention could not be awarded to the party Wadsworth." (Italics ours.)

Appellant here argues in substance, as he evidently did before the Board, that the real invention of the count at bar rests in the wiring channels which were so constructed in 1926 as to make them adaptable for use with cabinets and that if the count at bar is awarded to the party Blank, he, Wadsworth, may be unable to use his channel structure as defined by the three counts which have been awarded to him.

As we view it, this is not a matter that is of concern here. If there is no invention in the combination count 3 over and above that which is expressed in the three counts awarded to Wadsworth, that question might be considered in connection with the issuance by the Patent Office of a patent to Blank, or it might become a matter for consideration in a court of equity.

Agreeable to the views of the Board of Appeals, we think there is no showing in this record that appellant reduced to practice the elements of the combination count here involved prior to the filing date of the appellee. Appellant argues that the record shows that his assignee in 1926 was marketing cabinets such as are adapted to go above and below the wiring channel and that the Wadsworth cabinets were provided with complementary connecting means which would fit onto the wiring channel. He further states, in substance, that since the connection openings of the cabinets and his wiring channel were arranged to be connected together "it is axiomatic that a branch circuit cabinet could be connected to it." A consideration of these facts, in our judgment,

does not change the situation and does not supply the need of proof of reduction to practice of the elements of the count such as is required in this kind of case.

It will be noticed from the foregoing that we have made no finding with respect to whether or not appellant conceived the invention expressed in the count prior to his filing date. If he were awarded a conception date in 1926, he has made no attempt to show diligence in reducing the invention to practice prior to his filing date. He argues here that since he completely reduced to practice by building the wiring channels and providing for the complementary connecting means he had reduced the invention to practice and no showing of diligence was required. Having found that appellant did not reduce the invention to practice prior to his filing date and that there was no showing of diligence from a time just prior to appellee's entrance into the field to appellant's filing date, it follows that priority of invention must be awarded to the party Blank.

We think the board properly affirmed the decision of the Examiner of Interferences in awarding priority of invention expressed in the count at bar to the party Blank, and its decision is affirmed.

Affirmed.

GRAHAM, the late Presiding Judge, sat during the argument of this case, but died before the opinion was prepared.

LENROOT, Associate Judge, concurs in the conclusion.